276 P.3d 246 (2012)
CLUB VISTA FINANCIAL SERVICES, L.L.C., a Nevada Limited Liability Company; Tharaldson Motels II, Inc., a North Dakota Corporation; and Gary D. Tharaldson, Petitioners,
v.
The EIGHTH JUDICIAL DISTRICT COURT OF the STATE of Nevada, in and for the County of Clark; and the Honorable Mark R. DENTON, District Judge, Respondents, and
Scott Financial Corporation, a North Dakota Corporation; Bradley J. Scott; Bank of Oklahoma, N.A., a National Bank; Gemstone Development West, Inc., a Nevada Corporation; and Asphalt Products Corp. d/b/a APCO Construction, a Nevada Corporation, Real Parties in Interest.
No. 57641.
Supreme Court of Nevada.
May 17, 2012.
Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Marquis Aurbach Coffing and Micah S. Echols, Terry A. Coffing, *247 and David T. Duncan, Las Vegas, for Petitioners.
Kemp, Jones & Coulthard, LLP, and J. Randall Jones, Mark M. Jones, and Jennifer C. Dorsey, Las Vegas, for Real Parties in Interest Scott Financial Corporation and Bradley J. Scott.
Howard & Howard and Wade B. Gochnour, Gwen Rutar Mullins, and Robert L. Rosenthal, Las Vegas, for Real Party in Interest Asphalt Products Corporation.
Lewis & Roca, LLP, and Von S. Heinz, Las Vegas; Frederic Dorwart Lawyers and John D. Clayman and Piper Turner, Tulsa, OK, for Real Party in Interest Bank of Oklahoma, N.A.
Patrick K. Smith, Las Vegas, for Real Party in Interest Gemstone Development West, Inc.
BEFORE THE COURT EN BANC.[1]

OPINION
By the Court, CHERRY, C.J.:
In this original writ petition, we address whether, and under what circumstances, a party to a lawsuit may depose an opposing party's former attorney. In considering this issue, we adopt the framework espoused by the Eighth Circuit Court of Appeals in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986). Under the Shelton analysis, the party seeking to depose opposing counsel must demonstrate that the information sought cannot be obtained by other means, is relevant and nonprivileged, and is crucial to the preparation of the case. Id. at 1327. Because the district court did not analyze these factors, we grant the writ petition in part and direct the district court to evaluate whether, applying the Shelton factors, real parties in interest may depose petitioners' former trial attorney.

FACTS AND PROCEDURAL HISTORY
Petitioners Club Vista Financial Services, L.L.C.; Gary Tharaldson; and Tharaldson Motels II, Inc. (collectively. Club Vista), entered into a real estate development project known as Manhattan West with real parties in interest Scott Financial Corporation; Bradley J. Scott; Bank of Oklahoma, N.A.; Gemstone Development West, Inc.; and Asphalt Products Corporation d.b.a. APCO Construction (collectively, Scott Financial). When a multimillion dollar loan guaranteed by Tharaldson and Tharaldson Motels II went into default. Club Vista hired Arizona attorneys K. Layne Morrill and Martin A. Aronson to determine whether legal action was warranted. Based on their investigation, Morrill and Aronson filed, through local counsel, an action in the Nevada district court on behalf of Club Vista against Scott Financial, alleging that Scott Financial, as lenders on the loan, had failed to ensure that certain pre-funding conditions were satisfied before advancing money on the loan. The complaint included claims of, among other things, fraud, constructive fraud, and breach of fiduciary duty. In their NRCP 16.1 initial disclosures, Club Vista identified attorney Morrill as a person who "may have discoverable information related to dealings between Scott Financial and Tharaldson and related companies."
During discovery, Scott Financial deposed Tharaldson, who testified that, with a few exceptions, he did not have any personal knowledge of the factual allegations underlying the complaint, nor did he know of anyone, other than his attorneys, who might have such information. Tharaldson further testified that he, Ryan Kucker, and Kyle Newman, both employed by Tharaldson, were the primary witnesses on Club Vista's side of the transaction who would have personal knowledge related to the Manhattan West project. In their depositions, Kucker and Newman also denied having personal knowledge of factual allegations underlying the complaint.
Following the depositions of Tharaldson, Kucker, and Newman, Scott Financial informed attorney Morrill that it intended to take his deposition as to the factual basis for the allegations in the complaint. In furtherance of this intention, Scott Financial obtained a deposition subpoena in Arizona for *248 Morrill.[2] Morrill then filed, also in Arizona, a motion to quash the subpoena or for a protective order preventing Scott Financial from taking his deposition. The Arizona court granted the motion but expressly stated that it did not intend to suggest how the Nevada discovery master should rule on any issues presented to him related to the proposed deposition.[3] Shortly before the Arizona court issued its decision, Club Vista filed a supplementary NRCP 16.1 disclosure, stating that it did not believe that Morrill had any discoverable information relevant to the suit.
In addition to the Arizona motion to quash, Morrill filed a motion in the Nevada district court for a protective order to preclude Scott Financial from taking his deposition. The discovery master recommended that the district court enter an order denying the motion for a protective order and permitting Scott Financial to depose Morrill as to factual matters supporting the allegations in the complaint. The discovery master noted that both parties had cited Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986), in discussing whether an opposing party's attorney could be deposed in preparation for trial. While the discovery master recognized that Shelton permits a party to depose the opposing party's attorney only when relevant, nonprivileged, and crucial information cannot be obtained by means other than deposing the attorney, the master did not analyze the application of these factors to this case, except to state that Tharaldson had admitted that his attorneys were the only parties who were familiar with the facts underlying the complaint. Morrill filed a timely objection to the discovery master's recommendation.
On review of the matter, the district court, without citing Shelton or discussing the factors identified in that opinion, upheld the discovery master's recommendations, noting that the attorneys would be able to object to questions they believed impinged on a privilege, a record would be made such that the propriety of any specific question could be sufficiently addressed by the court, and the attorney-client and work-product privileges would not necessarily bar all questions that Scott Financial would ask. Additionally, the court concluded that the discovery master's recommendation was appropriate in light of Scott Financial's assertion that it only intended to ask questions about factual issues.
This petition for writ of mandamus or prohibition followed.[4] During oral argument before this court, Club Vista unequivocally stated that it would not call Morrill as a witness at trial. Moreover, while this writ petition was pending, other counsel was substituted for Morrill, and he is no longer an attorney of record for Club Vista.

DISCUSSION
This original proceeding requires us to determine whether, and under what circumstances, a district court may allow a party to depose an opposing party's attorney. Club Vista contends that it is entitled to relief from the district court's order authorizing the deposition of Morrill because deposing an opposing party's attorney is a drastic measure and is inappropriate when the attorney lacked any involvement in the underlying dispute. Club Vista urges this court to adopt a stringent test for permitting attorney depositions, whereas Scott Financial advocates a more flexible approach.[5]

*249 Writ relief

A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the jurisdiction of the district court.[6] NRS 34.320. Writ relief is generally not available if the petitioner has "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.330; see International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Additionally, the decision to issue writ relief lies within the discretion of this court. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioners bear the burden to demonstrate that our intervention by way of extraordinary relief is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).
Discovery matters are within the district court's sound discretion, and we will not disturb a district court's ruling regarding discovery unless the court has clearly abused its discretion. Matter of Adoption of Minor Child, 118 Nev. 962, 968, 60 P.3d 485, 489 (2002). Thus, we generally will not exercise our discretion to review discovery orders through petitions for extraordinary relief, unless the challenged discovery order is one that is likely to cause irreparable harm, such as a blanket discovery order, issued without regard to the relevance of the information sought, or an order that requires disclosure of privileged information. See Hetter v. District Court, 110 Nev. 513, 515, 874 P.2d 762, 763 (1994).
Here, a writ of prohibition is the appropriate avenue for relief because Club Vista does not have a plain, speedy, and adequate remedy at law. If, as Club Vista asserts, the discovery permitted by the district court's order is inappropriate, a later appeal would not effectively remedy any improper disclosure of information. Wardleigh v. District Court, 111 Nev. 345, 350-51, 891 P.2d 1180, 1183-84 (1995) ("If improper discovery were allowed, the assertedly privileged information would irretrievably lose its confidential and privileged quality and petitioners would have no effective remedy, even by a later appeal."). Accordingly, we now turn to whether a writ of prohibition should issue in this case.

Attorney depositions
Nevada's discovery rules "grant broad powers to litigants promoting and expediting the trial of civil matters by allowing those litigants an adequate means of discovery during the period of trial preparation." Maheu v. District Court, 88 Nev. 26, 42, 493 P.2d 709, 719 (1972). NRCP 26(a) permits discovery of information in a variety of methods including "depositions upon oral examination." Such depositions are governed by NRCP 30, which allows a party to depose "any person" by oral examination. NRCP 30(a)(1). Thus, the rule does not prohibit the taking of opposing counsel's deposition. Nevertheless, the district court may, based on good cause shown, bar or limit discovery to prevent, among other things, an undue burden. NRCP 26(c). With the foregoing principles of depositional discovery in mind, we examine the policies behind limiting the practice of taking the deposition of an opposing party's attorney and whether these depositions create an undue burden.
Forcing an opposing party's trial counsel to personally participate in trial as a witness "has long been discouraged and recognized as disrupting the adversarial nature of our judicial system." Shelton, 805 F.2d at 1327 (citation omitted). In particular, requiring attorneys to participate in such a manner may increase the time and costs of litigation, create delays to resolve work-product and attorney-client objections, distract the attorney from representation of the client, and prevent clients from openly communicating with their attorneys. Id. Permitting the unbridled deposition of a party's attorney could further command delays to resolve collateral issues raised by the attorney's testimony. See Wardleigh, 111 Nev. at 359, 891 P.2d at 1189 (courts must protect an attorney's work product as "mental impressions, conclusions, opinions, and legal theories of counsel concerning *250 . . . litigation are not discoverable under any circumstances"). Additionally, "such depositions could provide a back-door method for attorneys to glean privileged information about an opponent's litigation strategy from the opposing attorney's awareness of various documents." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 70 (2d Cir.2003); see also McMurry v. Eckert, 833 S.W.2d 828, 830-31 (Ky.1992) (explaining that the potential for harm created by attorney depositions is too great to permit them to be routinely performed); Kerr v. Able Sanitary, 295 N.J.Super. 147, 684 A.2d 961, 967 (N.J.Super.Ct.App.Div.1996) (concluding that the request to depose a party's attorney creates a rebuttable presumption of good cause for issuing a protective order); but see Munn v. Bristol Bay Housing Authority, 777 P.2d 188, 196 (Alaska 1989) (asserting that "an attorney is no more entitled to withhold information than any other potential witness, and may be required to testify at a deposition or trial as to material, non-privileged matters").
Based on the aforesaid apprehensions of placing counsel under the microscope of interrogation, courts across this country "have disfavored the practice of taking the deposition of a party's attorney." Theriot v. Parish of Jefferson, 185 F.3d 477, 491 (5th Cir.1999); see, e.g., Nationwide Mut. Ins. Co. v. Home Ins. Co., 278 F.3d 621, 628 (6th Cir.2002); Boughton v. Cotter Corp., 65 F.3d 823, 830-31 (10th Cir.1995). While we have not encountered rampant attorney depositions in Nevada, we are wholeheartedly concerned with this vehicle of discovery and its imaginable ability to create an undue burden. However, opposing counsel should not be absolutely immune from being deposed. Therefore, we conclude that such depositions should only be permitted under exceptionally limited circumstances.
To address the difficulties presented by attorney depositions, the Eighth Circuit Court of Appeals has developed a stringent three-factor test under which the party seeking to take the deposition of an opposing party's counsel has the burden of proving that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327 (citations omitted). We agree with the Shelton court that, in the absence of these conditions, a party should not be permitted to depose an opposing party's attorney, and thus, we adopt this three-factor test.[7] In evaluating these three factors, the district court should consider whether the attorney is a percipient witness[8] to the facts giving rise to the complaint. See Kerr, 684 A.2d at 967 (including, among factors to be considered in determining whether to permit an attorney deposition, the "relative quality of the information purportedly in the attorney's knowledge"). By establishing this heightened standard when a party is attempting to depose opposing counsel, we advise litigants to resort to alternative discovery methods and discourage endeavors to seek confidential and privileged information. When the facts and circumstances are so remarkable as to allow a party to depose the opposing party's counsel, the district court should provide specific limiting instructions to ensure that the parties avoid improper disclosure of protected information.
In the instant case, the discovery master mentioned the Shelton factors but did not analyze their application to this situation. Further, the district court adopted the master's recommendations without any discussion of whether the Shelton factors were satisfied. Accordingly, as the district court did not consider pertinent factors for resolving the motion for a protective order, we grant the writ in part and direct the district court to reconsider the motion in light of the Shelton factors and this opinion. In doing so, the district court should consider whether *251 Morrill has any relevant, discoverable information and the impact of Club Vista's definitive assertion at oral argument that Morrill has been withdrawn as a potential witness for trial.[9] To the extent that the instant petition seeks an order compelling the district court to issue a protective order preventing the proposed deposition, we deny it. Instead, we take no position on the proper resolution of the motion for a protective order, as it is for the district to evaluate the motion under the proper standard, as discussed in this opinion.

CONCLUSION
For the reasons discussed herein, we grant the petition in part and direct the clerk of this court to issue a writ of prohibition directing the district court to evaluate the underlying facts and circumstances of the request for a protective order in light of the three-factor test set forth in Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1986), and Club Vista's assertion that Morrill has been withdrawn as a witness.[10]
We concur: DOUGLAS, SAITTA, GIBBONS, PICKERING, and HARDESTY, JJ.
NOTES
[1] The Honorable Ron Parraguirre, Justice, did not participate in the decision of this matter.
[2] Scott Financial also obtained a deposition subpoena for Morrill's co-counsel, Aronson, but it has since stated that it will not seek to depose Aronson.
[3] Due to the complex nature of the case, the parties stipulated to the appointment of a discovery master to resolve discovery issues.
[4] This court stayed the proposed deposition pending resolution of the issues presented in this petition.
[5] As an initial matter, we conclude that the district court was not required to give preclusive effect to the Arizona court's decision to quash the deposition subpoena in light of that court's express qualification that it did not intend its order to influence the discovery master's resolution of the deposition issue.
[6] Because "prohibition is a more appropriate remedy for the prevention of improper discovery than mandamus," Wardleigh v. District Court, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995), we deny Club Vista's alternative request for mandamus relief.
[7] In light of the substantial public policy concerns implicated by attorney depositions, we decline to adopt the more flexible approach urged by Scott Financial and discussed by the Second Circuit Court of Appeals in In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2d Cir.2003).
[8] A percipient witness is "[a] witness who has perceived the things about which he or she testifies." Black's Law Dictionary 1741 (9th ed.2009). A percipient witness is also known as an eyewitness or "[o]ne who personally observes an event." Id. at 667.
[9] We recognize also that Morrill is no longer Club Vista's counsel in the district court action. While Morrill's substitution alleviates some of the concerns generally raised by deposing a party's current trial counsel, in this case, the district court should nonetheless apply the standards discussed here because Morrill was responsible for the filing of the complaint in this action and was Club Vista's trial counsel for a significant portion of the proceedings below.
[10] In light of this opinion, we vacate the stay ordered by this court on March 3, 2011.