# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF NEW YORK MELLON
CORPORATION, F/K/A THE BANK OF
NEW YORK, AS TRUSTEE, ON
BEHALF OF THE HOLDERS OF THE
ALTERNATIVE LOAN TRUST 2005-59,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-59,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; SERRANO COMMUNITY
ASSOCIATION, A DOMESTIC NON-
PROFIT CORPORATION; AND
NEVADA ASSOCIATION SERVICES,
INC., A DOMESTIC COMPANY,
Respondents.

No. 69492

**FILED**

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING

This is an appeal from a district court order granting a motion to dismiss and a motion for summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*Motion to dismiss*

Respondents Nevada Association Services and Serrano Community Association moved to dismiss appellant Bank of New York Mellon's (BNYM) complaint on the ground that BNYM's quiet title claim did not apply to them and that BNYM's other claims were subject to mandatory mediation under NRS 38.310. The district court granted the motion, and BNYM does not challenge that portion of the district court's

18-10317

order on appeal. We therefore affirm the district court's order insofar as it granted Nevada Association Services and Serrano Community Association's motion to dismiss.

*Summary judgment*[1]

The district court granted respondent SFR's motion for summary judgment, which we review de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

BNYM first contends that summary judgment in favor of SFR was improper because the foreclosure notices referred to collection costs and attorney fees. We disagree. First, the notices do not necessarily state that costs and fees were part of the HOA's lien, but only that they are owed. Second, even if the HOA's lien improperly included costs and fees, we are not persuaded that such an impropriety would warrant invalidating the sale, as the notice of default indicates that the lien included monthly assessments that were unpaid from February 2013 onward. *Cf. SFR Investments Pool 1, LLC v. U.S Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014) (observing that an HOA's proper foreclosure of a lien comprised of monthly assessments extinguishes a deed of trust).

BNYM additionally contends that summary judgment was improper because the HOA's CC&Rs contained a mortgage savings clause. We disagree. Assuming BNYM's argument in this respect is not foreclosed by *SFR Investments'* conclusion that NRS 116.1104 prohibits an HOA from

[1]BNYM acknowledges that its constitutional and retroactivity arguments are moot in light of this court's decisions in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), and *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

waiving its superpriority lien right, *see* 130 Nev. at 757, 334 P.3d at 419, the HOA's CC&Rs in this case do not contain a mortgage savings clause. Although BNYM appears to be relying on Article 10.1 for the proposition that "[t]his section clearly states that the First Mortgage secured against the Property survives the HOA's foreclosure sale," that section of Article 10 contains no discussion regarding the legal effect of an HOA's foreclosure sale or the HOA's election to subordinate the superpriority component of its lien.[2]

BNYM finally contends that the district court erred in granting summary judgment without allowing a continuance to conduct discovery related to equitable grounds to set aside the foreclosure sale. We agree. In this respect, the district court did not consider our decision in *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016), which was issued after the district court granted summary judgment and denied BNYM's motion for reconsideration. Of relevance, *Shadow Wood* explains that the conclusive effect of the recitals included in a trustee's deed of sale, as provided in NRS

---

[2]We presume that BNYM is relying on this section of Article 10 because that is the section it relied on in district court. We perceive no other section in Article 10 that could be construed as a mortgage savings clause. Similarly, even if BNYM's reliance on Article 6.15 for the first time in its reply brief had been proper, *see Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), we perceive nothing in that section that could be construed as a mortgage savings clause, as the relevant language in that section generally tracks the language in NRS 116.3116(2) (2013).

116.31166 (1993), does not eliminate equitable relief but that the party challenging the sale must set forth grounds for such relief.[3] The district court also did not have the benefit of our decision in *Nationstar Mortgage v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 646 n.7 (2017), which held that although HOA foreclosure sales under NRS Chapter 116 are not evaluated under a commercial reasonableness standard, evidence relevant to commercial reasonableness "may sometimes be relevant to a fraud/unfairness/oppression inquiry" for purposes of an equitable challenge to the sale.[4] Although BNYM's NRCP 56(f) declaration did not expressly ask to conduct discovery into whether the sale was affected by fraud, unfairness, or oppression, the declaration identified several issues implicating that inquiry.[5] Considering *Shadow Wood* and *Nationstar*, we cannot conclude that BNYM's requested discovery

---

[3]While we recognize that the district court's order contained a conclusion resembling *Shadow Wood*'s standard, we are unable to reconcile that conclusion with the district court's failure to articulate its basis for denying BNYM's request for an NRCP 56(f) continuance.

[4]*Nationstar* also rejects BNYM's interpretation of *Shadow Wood* and reaffirms that inadequate price alone is insufficient to set aside a foreclosure sale. 133 Nev., Adv. Op. 91, 405 P.3d at 647-49.

[5]The parties also appear to disagree regarding the extent to which BNYM's declaration seeks discovery on issues relating to tender. We believe that the district court is better situated to resolve those disagreements based on its interpretation of the declaration and in light of the existing evidence in the record. *Cf. Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) ("Discovery matters are within the district court's sound discretion . . . .").

would have necessarily been futile. Accordingly, we conclude that summary judgment may have been improper. We therefore

ORDER the judgment of the district court AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Stiglich

cc:    Hon. Susan Johnson, District Judge
       Larry J. Cohen, Settlement Judge
       Wright, Finlay & Zak, LLP/Las Vegas
       Christopher V. Yergensen
       Gordon & Rees Scully Mansukhani LLP
       Kim Gilbert Ebron
       Eighth District Court Clerk