# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GOLDENTREE MASTER FUND, LTD., A CAYMAN ISLANDS COMPANY; ALCENTRA GLOBAL SPECIAL SITUATIONS LUXEMBOURG S.A.R.L.; ALCENTRA MS S.A.R.L.; ARVO INVESTMENT HOLDINGS S.A.R.L.; CLAREANT SCF S.A.R.L.; GRACE BAY III HOLDINGS S.A.R.L.; KNEIFF TOWER S.A.R.L.; MOUNT KELLETT MASTER FUND II-A, L.P.; SOUND POINT CREDIT OPPORTUNITIES MASTER FUND, L.P.; SOUND POINT MONTAUK FUND, L.P.; SPC LUX S.A.R.L.; VISTA FUND I, L.P.; AND VISTA FUND II, L.P., Appellants, vs. EB HOLDINGS II, INC., A NEVADA CORPORATION, Respondent. | No. 72369 |

FILED

MAR 3 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

| | |
|---|---|
| GOLDENTREE MASTER FUND, LTD.; ALCENTRA GLOBAL SPECIAL SITUATIONS LUXEMBOURG S.A.R.L.; ALCENTRA MS S.A.R.L.; ARVO INVESTMENT HOLDINGS S.A.R.L.; CLAREANT SCF S.A.R.L.; GRACE BAY III HOLDINGS S.A.R.L.; KNEIFF TOWER S.A.R.L.; MOUNT KELLETT MASTER FUND II-A, L.P.; SOUND POINT CREDIT OPPORTUNITIES MASTER FUND, L.P.; SOUND POINT MONTAUK FUND, L.P.; VISTA FUND I, L.P.; VISTA FUND II, L.P.; SPC LUX S.A.R.L.; GOLDENTREE ASSET MANAGEMENT LP; ABSALON II | No. 73111 |

SUPREME COURT
OF
NEVADA

(O) 1947A

18-12265

LIMITED; CREDIT FUND GOLDEN LTD.; GN3 SIP LP; GOLDENTREE DISTRESSED DEBT FUND LP; GOLDENTREE MASTER FUND II, LTD.; GOLDENTREE HIGH YIELD VALUE FUND OFFSHORE (STRATEGIC), LTD.; GOLDENTREE DISTRESSED MASTER FUND 2014, LP; GOLDENTREE E DISTRESSED DEBT MASTER FUND II LP; GOLDENTREE ENTRUST DISTRESSED DEBT MASTER FUND; GOLDENTREE ENTRUST MASTER FUND SPC; GOLDENTREE HIGH YIELD VALUE FUND OFFSHORE II, LTD.; GOLDENTREE HIGH YIELD VALUE MASTER UNIT TRUST; GOLDENTREE HIGH YIELD VALUE FUND OFFSHORE 110 LTD.; GOLDENTREE ASSET MANAGEMENT LUX S.A.R.L.; STITCHING PGGM DEPOSITORY, ACTING IN ITS CAPACITY AS TITLE HOLDER FOR PGGM HIGH YIELD FUND; AND STELLAR PERFORMER GLOBAL SERIES: SERIES G-GLOBAL CREDIT,
Appellants,
vs.
EB HOLDINGS II, INC.,
Respondent.

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders denying special motions to dismiss under NRS 41.660 (2015), Nevada's anti-

SUPREME COURT
OF
NEVADA

(O) 1947A

SLAPP statute.[1]  Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

In Docket No. 73111, the district court denied appellants' special motion to dismiss respondent's five counterclaims for four alternative reasons.[2]  First, it determined that appellants did not establish by a preponderance of the evidence that their complaint was a "good faith communication."  *See* NRS 41.660(3)(a).  Second, it determined that appellants failed to show that respondent's counterclaims were "based upon" appellants' complaint.  *See id.*  Third, it determined that respondent demonstrated with prima facie evidence a probability of prevailing on each of their five counterclaims.  *See* NRS 41.660(3)(b).  Fourth, it determined that respondent should be entitled to conduct discovery to meet its evidentiary burden.  *See* NRS 41.660(4).

Having considered the parties' arguments and the record, we conclude that the district court's first reason for denying the special motion to dismiss was erroneous.[3]  In particular, appellants' declarations

---

[1]NRS 41.660 was amended in 2015.  *See* 2015 Nev. Stat., ch. 428, § 13, at 2455-56.  Because the relevant events at issue in these appeals occurred after the amendment's effective date, this disposition applies the 2015 version of NRS 41.660.

[2]We recognize that the district court technically denied counterclaims 1 through 4 for only the first two reasons and that appellants take issue with the district court's language with respect to the third reason. However, for purposes of this disposition, we treat the district court as having denied all five counterclaims for the ensuing four alternative reasons.  Our analysis of the counterclaims at issue in Docket No. 73111 applies equally to the corresponding claims at issue in Docket No. 72369.

[3]We review the district court's decision de novo and both sides agree that is the applicable standard of review.

SUPREME COURT
OF
NEVADA

(O) 1947A

constituted evidence that their complaint was a good faith communication in furtherance of the right to petition,[4] and that evidence was not overcome by respondent's unexplained observation that appellants' operative complaint contained "vastly different" allegations than appellants' previous complaint. Thus, the district court erred in determining that appellants failed to establish by a preponderance of the evidence that their complaint was a good faith communication in furtherance of the right to petition. *See* NRS 41.660(3)(a). However, as explained below, we conclude that the district court correctly declined to dismiss each of respondent's five counterclaims for one of the other three reasons.

*First counterclaim for declaratory relief and accompanying third counterclaim for breach of contract*

The parties dispute whether respondent's first and third counterclaims are "based upon" appellants' complaint. In *Park v. Board of Trustees of California State University*, 393 P.3d 905 (Cal. 2017), the California Supreme Court held that for a lawsuit to be "based on" protected petitioning activity, the protected activity must be an "essential element" of the lawsuit, not merely evidence supporting such an element. *Id.* at 909. In other words, if the specific elements of a party's claim cannot be

---

[4]While respondent contends that the declarations are conclusory, it is unclear what else the declarants could have done to establish that they did not know the complaint's allegations were false. *See* NRS 41.637(1) (indicating that a good faith communication in furtherance of the right to petition is a communication "which is truthful or is made without knowledge of its falsehood"). Although we recognize appellants did not submit declarations in connection with the claims at issue in Docket No. 72369, the district court nevertheless properly denied appellants' motion without prejudice for the other reasons set forth in this disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

established without relying on an opposing party's protected petitioning activity, the claim is "based on" the protected activity. *Id* at 909-10.

Under *Park*'s essential-element standard, we conclude that respondent's first and third counterclaims are based upon appellants' complaint. Although respondent contends that these counterclaims are only challenging appellants' decision to accelerate the PIK Loan in violation of the PIK Loan Agreement's Acceleration Clause, both counterclaims expressly allege that the violation occurred by virtue of appellants filing their complaint. Specifically, in its first counterclaim, respondent asked for a declaration that by "commencement of this [action, appellants] improperly accelerated the PIK Loan in violation of the Acceleration Clause." Similarly, respondent's third counterclaim alleged that "[appellants] ha[ve] breached the Acceleration Clause by commencing an action against [respondent], and thereby accelerating the PIK Loan, absent any Event of Default." Thus, while filing a complaint may not have been the only way in which appellants could have potentially violated the Acceleration Clause, that was the only way in which respondent's counterclaims alleged such a violation had occurred. Accordingly, without these allegations, respondent would be unable to establish the elements of its counterclaims, meaning those claims were based upon appellants' complaint. *See* NRS 41.660(3)(a); *Park*, 393 P.3d at 909-10.

We further conclude that respondent did not demonstrate with prima facie evidence a probability of prevailing on these counterclaims. *See* NRS 41.660(3)(b). In order to do so, respondent needed to produce evidence

that it was not insolvent at the time appellants filed their complaint.[5] Mr. Meyers' declaration that respondent had not breached the PIK Loan Agreement failed to establish that respondent was not insolvent as that term is defined in the PIK Loan Agreement. However, we conclude that respondent may be entitled to conduct discovery on that issue so as to meet its evidentiary burden. *See* NRS 41.660(4). While we recognize appellants' argument that any such evidence should already be in respondent's possession, *see id.*, we also recognize respondent's argument that determining respondent's solvency is a fact-intensive inquiry. Given that the district court has not made any ruling on respondent's solvency, we leave to the district court's discretion whether and the extent to which respondent should be permitted to conduct discovery on this issue. *Cf. Club Vista Fin. Servs. v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) ("Discovery matters are within the district court's sound discretion . . . ."). Accordingly, based on the existing record, we affirm the district court's decision to deny without prejudice appellants' special motion to dismiss with respect to respondent's first and third counterclaims.

*Second counterclaim for promissory fraud*

The parties again dispute whether respondent's second counterclaim is based upon appellants' complaint. According to appellants, this counterclaim is based upon appellants' complaint because the allegedly

---

[5]We reject appellants' argument that they cannot be held liable for breaching the Acceleration Clause. We further reject appellants' argument that these counterclaims fail as a matter of law against the 17 appellants that did not file or join the complaint. While that argument may have merit in the context of an NRCP 12(b)(5) motion, the argument also demonstrates that those 17 appellants were not entitled to join the anti-SLAPP motions that are at issue since the complaint was the protected communication.

fraudulent conduct did not culminate until appellants filed their complaint. Respondent, however, contends that this counterclaim is premised on appellants' pre-complaint misrepresentations that allegedly led to respondent's diminished financial stability, and that even if appellants did not file the complaint, respondent still would have had a viable fraud claim. We agree with respondent, as it appears that respondent could potentially establish the elements of a fraud claim without relying on appellants' complaint.[6] *See* NRS 41.660(3)(a); *Park*, 393 P.3d at 909-10. Accordingly, we affirm the district court's decision to deny without prejudice appellants' special motion to dismiss with respect to respondent's second counterclaim.

*Fourth counterclaim for breach of contract*

Respondent's fourth counterclaim alleges that appellants breached the PIK Loan Agreement in two ways. First, respondent contends that appellants violated the Section 28.4(b) Waiver provision by asserting fraud claims in their complaint against respondent's directors and affiliates. While we agree with appellants that this component of the counterclaim is based upon the complaint, *see* NRS 41.660(3)(a); *Park*, 393 P.3d at 909-10, we conclude that the broad language of the Waiver provision and the undisputed fact that appellants asserted fraud claims against the directors and affiliates constitutes prima facie evidence that the Waiver provision was breached, *see* NRS 41.660(3)(b). Although appellants argue that courts

---

[6]In this respect, we conclude that *Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *17-18 (N.D. Cal. September 6, 2012), is distinguishable. Additionally, although appellants argue that respondent's second counterclaim fails to allege fraud with particularity, fails to allege a material misrepresentation, and fails to allege justifiable reliance, we believe those arguments are better-suited for an NRCP 12(b)(5) motion as opposed to an anti-SLAPP motion.

have narrowly interpreted similar contractual language to encompass only contract-based claims, we believe this issue goes beyond the prima-facie-evidence stage and is best left for the district court to consider in the first instance. Accordingly, we affirm the district court's decision to deny without prejudice appellants' special motion to dismiss with respect to the first component of respondent's fourth counterclaim.

Second, respondent contends that appellants violated the No-Action Clause by filing their complaint without having waited 60 days after they sent their request to the Administrative Agent. Again, while we agree with appellants that this component of the counterclaim is based upon the complaint, see NRS 41.660(3)(a); *Park*, 393 P.3d at 909-10, it is undisputed that appellants did not wait 60 days from providing the Administrative Agent with the request to file their complaint and that they in fact filed the complaint *before* providing the Agent with their request. We conclude that this constitutes prima facie evidence supporting this component of the counterclaim.[7] *See* NRS 41.660(3)(b). While we note appellants' argument that the language in the No-Action Clause technically does not require them to wait 60 days to file their complaint, we decline to adopt appellants' construction of this arguably ambiguous language in the first instance and instead leave that issue for the parties to litigate in district court. Accordingly, we affirm the district court's decision to deny without prejudice appellants' special motion to dismiss with respect to the second component of respondent's fourth counterclaim.

*Fifth counterclaim for intentional interference with contractual relations*

---

[7]Appellants also argue that respondent failed to produce prima facie evidence of damages. We conclude that at this stage of the litigation, Mr. Meyers' declaration constituted sufficient prima facie evidence of damages.

SUPREME COURT
OF
NEVADA

(O) 1947A

The parties again dispute whether respondent's fifth counterclaim is based upon appellants' complaint. Appellants contend that this counterclaim is based upon their complaint because the counterclaim alleges that appellants interfered with respondent's contractual relations by filing their complaint. While the counterclaim does contain such an allegation, the counterclaim also alleges that appellants interfered with respondent's contractual relations via their pre-complaint misconduct. Thus, similar to our analysis of respondent's second counterclaim, we conclude that respondent could potentially establish the elements of its fifth counterclaim without relying on appellants' complaint. *See* NRS 41.660(3)(a); *Park*, 393 P.3d at 909-10. Accordingly, we affirm the district court's decision to deny without prejudice appellants' special motion to dismiss with respect to respondent's fifth counterclaim. In light of the foregoing, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Joseph Hardy, Jr., District Judge
Thomas J. Tanksley, Settlement Judge
McDonald Carano LLP/Reno
Quinn Emanuel Urquhart & Sullivan, LLP
McDonald Carano LLP/Las Vegas
Garman Turner Gordon
Eighth District Court Clerk