# IN THE SUPREME COURT OF THE STATE OF NEVADA

AMY MULKERN; AND VIVIAN MULKERN,

Petitioners,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE FRANK P. SULLIVAN, DISTRICT JUDGE,

Respondents,

and

CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; CLARK COUNTY DISTRICT ATTORNEY'S OFFICE; BABY GIRL W., A MINOR; KENNETH WENDTLAND; AND ASHLEY WENDTLAND,

Real Parties in Interest.

No. 76399



FILED

AUG 1 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This original petition for a writ of mandamus or prohibition challenges a district court order regarding an evidentiary hearing on the placement of a minor child.

Real party in interest Baby Girl W. was born in October 2017, and declared a child in need of protection under NRS Chapter 432B shortly thereafter. As a dependent child, Baby Girl W. was placed into foster care, and adoption was later approved as her permanency plan.

Petitioner Amy Mulkern is the adoptive mother of Baby Girl W.'s 3-year-old biological half-sister, petitioner Vivian Mulkern. Real party in interest Clark County Department of Family Services (DFS) contacted Amy in January 2018 to see whether she would be interested in becoming

18-31801

an adoptive placement option for Baby Girl W. Amy subsequently completed the ICPC process and was approved as a placement, but DFS determined that Baby Girl W. should remain with her foster parents, who are also willing to adopt.

Amy sought relief in the district court dependency proceeding, and she and the foster parents were declared persons with a special interest under NRS 432B.457, which entitles them to offer placement recommendations and to testify at the placement hearing. The district court also determined that Amy and the foster parents were not entitled to counsel at the hearing or to file motions, that Vivian was not a person with a special interest, and that Vivian's adoption severed the sibling relationship such that NRS 432B.550(5)'s rebuttable presumption that a dependent child's placement with a sibling is in the child's best interest did not apply here. Amy and Vivian then filed this writ petition challenging the district court's order. Real parties in interest timely filed answers, in which Baby Girl W. agreed with Amy and Vivian on the presumption issue, and DFS and the foster parents argued in support of the district court's order. Amy and Vivian also filed a reply.[1]

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Its counterpart, a writ of prohibition, may be warranted when a district court acts without or in excess of its jurisdiction. NRS 34.320; *Club Vista Fin. Servs., LLC v.*

---

[1]Amy and Vivian's motion to file under seal a supplement to volume II of the appendix, containing a transcript of the district court hearing that resulted in the challenged order, is granted. SRCR 3(4)(b), (7). The clerk of this court shall file, under seal, the supplemental appendix provisionally received in this court on August 14, 2018.

*Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). This court has discretion as to whether to entertain a petition for extraordinary relief, *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736-37 (2007), and petitioners bear the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' briefs, we conclude that the district court is required, under NRS 432B.550(5), to apply the rebuttable sibling presumption in determining Baby Girl W.'s placement. NRS 432B.550(5)(a) mandates that the district court, in determining the placement of a child outside the custody of the child's parents, to presume that the child's best interests are "to be placed together with the siblings of the child." *See also Clark Cty. Dist. Atty., Juvenile Div. v. Eighth Judicial Dist. Court*, 123 Nev. 337, 346, 167 P.3d 922, 928 (2007) (stating that "the child's best interest necessarily is the main consideration for the district court when exercising its discretion concerning placement" under NRS 432B.550). While no statute defines "sibling" for purposes of placements under NRS Chapter 432B, NRS 432B.550(5)(b) recognizes relative status based on consanguinity, and no party has identified any statute that expressly severs sibling status for placement purposes once one of the siblings is adopted. Given the legislature's emphasis on maintaining such relationships whenever possible throughout the dependency statutes, *see* NRS 432B.390(7) (initial protective placements must keep siblings together whenever possible); NRS 128.110(2) (agencies having custody of a child must, upon termination of parental rights, place that child with his siblings if practicable); NRS 127.2825 (an agency placing a child for adoption must, to the extent practicable, give preference to a placement together with her siblings), and without any further direct expression to the contrary, we cannot conclude that the legislature intended that the sibling presumption

disappear once a child is adopted.[2] *See also In re Valerie A.*, 43 Cal. Rptr. 3d 734, 736 (Ct. App. 2006) (concluding that children remain siblings for purposes of the sibling exception to termination of parental rights even after one of the children is adopted). Accordingly, we

ORDER the petition GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to apply the rebuttable sibling presumption under NRS 432B.550(5) in determining the placement of Baby Girl W. All other requested relief is DENIED as not warranting our extraordinary intervention at this time, as the district court has considered Amy's and Vivian's arguments, included Amy as a potential placement option, and invited Amy to participate as a person with special interest at the upcoming placement hearing under NRS 432B.457.

_____ , J.
Pickering

_____ J.
Gibbons

_____ , J.
Hardesty

---

[2]We note that nothing in this decision affects statutory provisions governing rights to confidentiality, visitation or inheritance, *see, e.g.*, NRS 127.160; *Bopp v. Lino*, 110 Nev. 1246, 1253, 885 P.2d 559, 563 (1994) (recognizing that adoption severs the *legal* grandparent-grandchild relationship and concluding that, by statute, birth grandparents have no right to seek visitation post-adoption), or requires DFS to go beyond its statutory duties to locate relatives for potential placement under NRS 432B.550(6) and NRS 128.110.

cc: Hon. Frank P. Sullivan, District Judge, Family Court Division
Willick Law Group
Legal Aid Center of Southern Nevada, Inc.
Clark County District Attorney/Juvenile Division
Hutchison & Steffen, LLC/Las Vegas
Eighth District Court Clerk