# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA; THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS; JAMES DZURENDA, DIRECTOR OF THE NEVADA DEPARTMENT OF CORRECTIONS, IN HIS OFFICIAL CAPACITY; IHSAN AZZAM, PH.D., M.D., CHIEF MEDICAL OFFICER OF THE STATE OF NEVADA, IN HIS OFFICIAL CAPACITY; AND JOHN DOE, ATTENDING PHYSICIAN AT PLANNED EXECUTION OF SCOTT RAYMOND DOZIER IN HIS OFFICIAL CAPACITY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,
Respondents,
  and
ALVOGEN, INC.; HIKMA PHARMACEUTICALS USA, INC.; AND SANDOZ INC.,
Real Parties in Interest.

No. 76847

FILED

DEC 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of prohibition or mandamus challenges a September 6, 2018, district court order, which was amended on September 10, 2018, ruling on motions for protective orders and motions

18-908532

in limine.[1] The district court order arose in litigation instituted by real parties in interest—the manufacturers of drugs that were to be used in a 2018 execution—accusing the State of obtaining the drugs through subterfuge and seeking replevin. Petitioners contest the parts of the district court's order that allowed disclosure of the attending physician's identity, information concerning drugs and suppliers unrelated to the manufacturers that filed suit, and details of the 2016-2018 lethal injection protocols' creation. This court entered a stay of disclosure and directed an answer to the petition, and the answer, joinders thereto, and a reply have been timely filed.

Having considered the parties' filings and appendices, we conclude that a writ of mandamus is warranted and grant the petition by precluding disclosure to the same extent covered by our September 10, 2018, stay. As noted in that stay order, the issues raised in real parties in interest's complaints focus on replevin, as they seek to repossess property wrongfully taken. Real parties in interest have failed to show that discovery as to the identity of the attending physician,[2] as to information concerning any drugs' procurement other than the three drugs that real parties in

---

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

[2]Real party in interest Alvogen, Inc., points out that the drug manufacturers have dismissed the attending physician from the case below and no longer seek his or her identity. The State notes that the dismissal was without prejudice and that the other two drug manufacturers have not formally withdrawn their discovery requests related to the attending physician's identity, although they are not actively seeking that information. Since real parties in interest may raise the attending physician's identity again in the future, we conclude that this issue is not moot.

interest are seeking to repossess in this case, and as to any execution protocol besides the 2018 one at issue here is "reasonably calculated to lead to the discovery of admissible evidence." NRCP 26(b)(1); *see Okada v. Eighth Jud. Dist. Court*, 131 Nev. 834, 839, 359 P.3d 1106, 1110 (2015) (explaining that this court may consider a writ petition alleging that disclosure through discovery may lead to irreparable harm and will intervene when the district court has clearly abused its discretion).

Therefore, we ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS that (A) instructs the district court to vacate the parts of its order allowing disclosure and discovery of the following three items, to the extent that that information has not already been disclosed: (1) the attending physician's identity; (2) drugs other than those originating with Alvogen, Hikma, and Sandoz at issue in this case; and (3) any execution protocols other than the July 2018 protocol at issue in this case, and (B) directs the district court to grant the State's motions for protective orders and motions in limine concerning those items.

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

CHERRY, J., dissenting:

As I pointed out in my September 10 concurrence and dissent concerning the stay motion, the district judge is vastly familiar with the facts and allegations of this case and has fully weighed all of the considerations raised by the parties with respect to the discovery requested. The court acknowledged that discovery as to the attending physician's identity was no longer sought by amending its September 6 order. Moreover, the court recognized that some of the requested discovery was not relevant and thus restricted deposition topics to those likely to lead to the discovery of admissible evidence in this case, in which the drug manufacturers also seek a permanent injunction precluding the use of *any* of their drugs in executions. The district court has thoroughly considered this matter and did not manifestly abuse its discretion in doing so. *See Club Vista Fin. Servs. v. Dist. Ct.*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) ("Discovery matters are within the district court's sound discretion, and we will not disturb a district court's ruling regarding discovery unless the court has clearly abused its discretion."). Therefore, I would decline to intervene by way of extraordinary writ.

_____ *Cherry*, J.
Cherry

 

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Attorney General/Carson City
Attorney General/Las Vegas
Latham & Watkins LLP/Chicago
Pepper Hamilton LLP/Philadelphia
Latham & Watkins LLP/Washington DC
Lewis Roca Rothgerber Christie LLP/Las Vegas
Pisanelli Bice, PLLC
Lewis Roca Rothgerber Christie LLP/Reno
Campbell & Williams
Pepper Hamilton LLP/New Jersey
Eighth District Court Clerk