# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant/Cross-Respondent,
vs.
GREEN TREE SERVICING, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY, NOW KNOWN AS DITECH
FINANCIAL, LLC,
Respondent/Cross-Appellant.

No. 71176

**FILED**

DEC 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court final judgment following a bench trial in an action to quiet title to real property. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Having considered the parties' arguments and the record, we perceive no reversible error in the district court's final judgment. *Cf. Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). In particular, the district court correctly determined that Ditech Financial's predecessor cured the default as to the superpriority portion of the HOA's lien by tendering $1,774.12 to Nevada Association Services (NAS), an amount which undisputedly exceeded nine months of assessments.[1] *See Bank of America, N.A. v. SFR*

---

[1]We are not persuaded that the district court abused its discretion in allowing Ditech to rely on this evidence, as the district court indicated that SFR Investments could have requested an extension of the discovery deadline to conduct whatever discovery it believed necessary to counter this evidence. *See Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court,*

 

*Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

Although SFR contends that NAS's belief that collection costs were part of the superpriority lien constituted a good-faith basis for rejecting the tender, the tender in this case included an estimate of reasonable collection costs.[2] Additionally, although SFR contends that (1) the tender was ineffective because it imposed conditions, (2) Ditech's predecessor needed to record evidence of the tender, (3) Ditech's predecessor needed to keep the tender good, and (4) SFR is protected as a bona fide purchaser, our decision in *Bank of America* rejected similar arguments.[3]

---

128 Nev. 224, 228, 276 P.3d 246, 249 (2012) ("Discovery matters are within the district court's sound discretion . . . ."). In other words, the necessary implication behind the district court's ruling was that the untimely disclosure was harmless. NRCP 37(c)(1). Similarly, we conclude that substantial evidence supported the district court's factual finding that the tender was received.

[2]The district court made a factual finding that it was NAS's policy to reject any payment attempt that was for less than the full unpaid balance. In light of this finding, which is not challenged on appeal, we are not persuaded by SFR's suggestion that the tender's inclusion of estimated collection costs made it less likely the tender was actually delivered.

[3]We are not persuaded by SFR's argument that the letter accompanying the check contained conditions purporting to absolve the

134 Nev., Adv. Op. 72, 427 P.3d at 118-21. Accordingly, the district court correctly determined that SFR took title to the property subject to the deed of trust.[4] We therefore

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Cherry

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:    Hon. Linda Marie Bell, Chief Judge
Janet Trost, Settlement Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Arnold & Porter Kaye Scholer LLP
Fennemore Craig P.C./Reno
Eighth District Court Clerk

---

deed of trust beneficiary of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which the deed of trust beneficiary might again be liable to the HOA.

[4]In light of this conclusion, we need not determine whether the deed of trust survived the foreclosure sale based on the Federal Foreclosure Bar.