# IN THE SUPREME COURT OF THE STATE OF NEVADA

KAREN HALBRITTER; AND KEOLIS
TRANSIT SERVICES, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND LARRY C. JOHNS,
JUDGE PRO TEMPORE,
Respondents,
   and
CHERYLETHIA BEAUDOIN,
INDIVIDUALLY AND ON BEHALF OF
ARMANI BEAUDOIN, A MINOR;
URIAH CANDLER, A MINOR;
DEAANGEL CANDLER; AND JACQUE
LACOUR,
Real Parties in Interest.

No. 76204

FILED

JUL 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF PROHIBITION*

This original petition for a writ of prohibition challenges a district court order granting a motion to set aside a stipulation between the parties to enter the short trial program. Having considered the petition, answer thereto, reply, and supporting documentation, we conclude that our extraordinary and discretionary intervention is not warranted. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). A writ of prohibition may be warranted when a district court acts without or in excess of its jurisdiction. NRS 34.320; *Club Vista Fin. Servs. v. Eighth*

*Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). Here, petitioners have not demonstrated that, in setting aside the stipulation, the court lacked or acted in excess of its jurisdiction. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioners carry the burden of demonstrating that extraordinary relief is warranted."). Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Larry C. Johns
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
Tingey & Tingey
Stucki Injury Law
Eighth District Court Clerk