# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, AN UNKNOWN ENTITY,
Respondent.

No. 77898



FILED

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an interpleader and quiet title action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

We are not persuaded that the district court abused its discretion in considering the Miles Bauer affidavit that Adam Kendis signed. *See Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) ("Discovery matters are within the district court's sound discretion . . . ."). Although Mr. Kendis's name was not included in respondent's NRCP 16.1 disclosures, respondent listed a corporate representative for Miles Bauer in its NRCP 16.1 disclosures and Mr. Kendis's affidavit was produced during the course of discovery. Thus, the necessary implication behind the district court's consideration of Mr. Kendis's affidavit was that the district court found respondent's technical noncompliance with NRCP 16.1 to be harmless. *See* NRCP 37(c)(1).

Appellant argues that Mr. Kendis's affidavit was insufficient to establish the admissibility of Alessi & Koenig's and the HOA's account ledger because Mr. Kendis was unfamiliar with how that ledger was prepared. However, we decline to consider this argument because the May 9, 2012, "Notice of Delinquent Assessment (Lien)" attached to appellant's own summary judgment motion indicated that the maximum possible amount of unpaid assessments as of that date was $1,052.51, which was less than the $1,123.61 that Miles Bauer tendered. *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 26, 388 P.3d 226, 231 (2017) (recognizing that under the pre-2015 version of NRS 116.3116, serving a notice of delinquent assessment constitutes institution of an action to enforce the lien); *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 371, 373 P.3d 66, 72 (2016) ("[T]he superpriority lien granted by NRS 116.3116(2) does not include an amount for collection fees and foreclosure costs incurred; rather it is limited to an amount equal to the common expense assessments due during the nine months before foreclosure."); *see also Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court).

Nor are we persuaded that Miles Bauer's letter accompanying the check contained an improper condition, as the letter did not definitively state that maintenance and nuisance abatement charges could never be part of the superpriority portion of the HOA's lien, particularly in this instance when no such charges were at issue in relation to the subject property at the time the letter was delivered. *Cf. Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 466-67, 401 P.3d 728, 731-

32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default). Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 607-11, 427 P.3d 113, 118-21 (2018) (recognizing that a superpriority tender prevents a first deed of trust from being extinguished by an HOA foreclosure sale);[1] *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo an order granting summary judgment). In light of the foregoing, we need not consider the parties' remaining arguments, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

[1]We clarify that the district court did not grant respondent equitable relief. Rather, it correctly determined that appellant took title to the property subject to the first deed of trust because the superpriority tender cured the default as to that portion of the HOA's lien by operation of law. *Bank of Am.*, 134 Nev. at 612, 427 P.3d at 121.

cc: Hon. Ronald J. Israel, District Judge
Janet Trost, Settlement Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Eighth District Court Clerk