IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS CWABS, INC., ASSET-
BACKED CERTIFICATES, SERIES
2006-22, A FOREIGN TRUSTEE,
Appellant,
vs.
FORT APACHE HOMES, INC., A
NEVADA CORPORATION,
Respondent.

No. 77929

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER VACATING AND REMANDING

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.[1]

Viewing the evidence in the light most favorable to appellant, *see id.*, we conclude that a genuine issue of material fact exists as to whether John McMillan deeded his interest in the subject property to appellant or appellant's loan servicer in exchange for a release of appellant's deed of trust. We recognize that the bankruptcy court's March 31, 2010, order appears to contemplate such a transaction by virtue of stating that the applicable creditors (including appellant) "shall receive a quit claim deed from [Mr. McMillan] which transfers the Estate's interest in the Asset which secures each creditor's Claim to such holder (or its nominee)" and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18588

that "[t]he conveyance of the subject Asset *shall be made in full satisfaction of such holder's Allowed Secured Claim.*" (Emphasis added). However, based on the record before us, we are unable to determine what connection, if any, Judy Graves has with either appellant or appellant's loan servicer such that Mr. McMillan's April 29, 2010, quit claim deed might have effectuated such a transaction. Thus, viewing the existing evidence in the light most favorable to appellant, we cannot conclude that there are no issues of material fact with regard to whether appellant's deed of trust was no longer attached to the subject property at the time of the HOA's foreclosure sale. We leave to the district court's discretion whether it would be appropriate on remand to reopen discovery.[2] *Cf. Club Vista Fin. Servs. v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) ("Discovery matters are within the district court's sound discretion . . . ."). Consistent with the foregoing, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[2]Depending on resolution of this issue on remand, the effect of Mr. McMillan's pre-foreclosure-sale payments to the HOA may be irrelevant. We therefore decline to consider this issue in the first instance, and consequently, we decline appellant's request to order the district court to enter judgment in appellant's favor.

cc: Eighth Judicial District Court, Department 8
Michael H. Singer, Settlement Judge
ZBS Law, LLP
Ayon Law, PLLC
Eighth District Court Clerk