IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Respondent.

No. 77544

FILED

MAR 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an interpleader and quiet title action. Eighth Judicial District Court, Clark County; David Barker, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). Consistent with that decision, the district court correctly determined that the foreclosure sale did not extinguish the first deed of trust because respondent owned the secured loan at the time of the sale.

Appellant contends that respondent failed to timely record its interest in the loan secured by the deed of trust, but we recently held that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

Nevada law does not require Freddie Mac (or in this case respondent) to publicly record its ownership interest in the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019). Appellant also challenges the sufficiency and admissibility of respondent's evidence demonstrating its interest in the loan, but we recently addressed and rejected similar arguments with respect to similar evidence.[2] *Id.* at 234-36, 445 P.3d 850-51.

Alternatively, we conclude that the district court properly granted summary judgment based on Miles Bauer's superpriority tender. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 607-11, 427 P.3d 113, 118-21 (2018) (recognizing that a superpriority tender prevents a first deed of trust from being extinguished by an HOA foreclosure sale). In this, we are not persuaded that the district court abused its discretion in considering the Miles Bauer affidavit that Adam Kendis signed. *See Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) ("Discovery matters are within the district court's sound discretion . . . ."). Although Mr. Kendis's name was not included in the NRCP 16.1 disclosures, appellant does not dispute that respondent's loan servicer listed a corporate representative for Miles Bauer in its NRCP 16.1 disclosures and that Mr. Kendis's affidavit was produced during the course of discovery. Thus, the necessary implication behind the district court's consideration of Mr. Kendis's affidavit and accompanying documents was that the district court found any technical noncompliance with NRCP 16.1 to be harmless. *See* NRCP 37(c)(1).

---

[2]To the extent appellant raises arguments that were not expressly addressed in *Daisy Trust*, we are not persuaded that those arguments dictate a different outcome.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Nor are we persuaded by appellant's argument that Miles Bauer's letter accompanying the $1,038.91 check (which was for *more than* the unpaid balance listed on the April 2010 Notice of Delinquent Assessment) contained an improper condition. Namely, the letter did not definitively state that maintenance and nuisance abatement charges could never be part of the superpriority portion of the HOA's lien, particularly in this instance when no such charges were at issue in relation to the subject property at the time the letter was delivered. *Cf. Prop. Plus Invs., LLC v. Mortgage Elec. Registration Sys. Inc.*, 133 Nev. 462, 466-67, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default). Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust.[3] *Bank of Am.*, 134 Nev. at 607-11, 427 P.3d at 118-21. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____ *Pickering* , C.J.
Pickering

_____ , J.     _____ , J.
Gibbons                          Silver

---

[3]We clarify that the district court did not grant respondent equitable relief. Rather, it correctly determined that appellant took title to the property subject to the first deed of trust because the superpriority tender cured the default as to that portion of the HOA's lien by operation of law. *Bank of Am.*, 134 Nev. at 612, 427 P.3d at 121.

cc: Chief Judge, The Eighth Judicial District Court
Hon. David Barker, Senior Judge
Thomas J. Tanksley, Settlement Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Eighth District Court Clerk