138 Nev., Advance Opinion 54

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IRVING TORREMORO; AND KEOLIS
TRANSIT SERVICES, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ERIKA D. BALLOU, DISTRICT JUDGE,
Respondents,
  and
LAMONT COMPTON,
Real Party in Interest.

No. 83596

FILED

JUL 07 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order allowing the substitution of an expert witness after discovery had closed.

*Petition denied.*

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and Michael P. Lowry, Las Vegas,
for Petitioners.

Maier Gutierrez & Associates and Joseph A. Gutierrez and Stephen G. Clough, Las Vegas,
for Real Party in Interest.

_____

BEFORE THE SUPREME COURT, HARDESTY, STIGLICH, and HERNDON, JJ.

22-21350

## OPINION

By the Court, HERNDON, J.:

In this opinion, we address the standard for substituting an expert witness after the close of discovery. We clarify that NRCP 16(b)(4)'s good cause standard for modifying a scheduling order provides the proper standard for considering such motions and that the district court should also apply any relevant local discovery rules, such as EDCR 2.35(a) in this case, in its evaluation. Finally, we determine that the district court did not abuse its discretion in modifying the scheduling order, reopening discovery, and granting the motion to substitute.

## FACTS AND PROCEDURAL HISTORY

Real party in interest Lamont Compton filed a complaint against petitioners Irving Torremoro and Keolis Transit Services, LLC (collectively, petitioners) for claims of negligence; respondeat superior; and negligent hiring, training, and/or supervision after Compton sustained significant injuries from a motor vehicle accident. Dr. Jeffrey Gross treated Compton for his injuries and was designated as his retained medical expert. The close of discovery, as stipulated by the parties, was scheduled for March 7, 2020, and the trial was scheduled to begin on September 7, 2021.

Prior to the filing of Compton's complaint, an indictment was filed under seal against Dr. Gross in the United States District Court for the Central District of California. Subsequently, the federal court entered an order unsealing the indictment on May 18, 2018. On March 6, 2020, before the close of discovery, Compton filed a motion in limine to exclude evidence of Dr. Gross' pending federal indictment being introduced at trial. On August 5, 2020, the district court granted the motion in limine, finding

SUPREME COURT
OF
NEVADA

(O) 1947A

2

that any testimony about Dr. Gross' pending federal case would be more prejudicial than probative.

Thereafter, Dr. Gross pleaded guilty to one felony count of conspiracy. The plea was entered under seal, however, and not revealed until over nine months later, on May 21, 2021, when the United States Attorney for the Central District of California issued a press release publicizing Dr. Gross' conviction. Dr. Gross was sentenced to 15 months in federal prison for accepting nearly $623,000 in bribes and kickbacks.

After learning of Dr. Gross' conviction and prison sentence, Compton, on June 29, 2021, filed a motion to substitute Dr. Raimundo Leon for Dr. Gross pursuant to NRCP 37(c) and NRCP 16(b)(4). The district court granted Compton's motion, finding that

> (1) the request to substitute Dr. Jeffrey Gross is substantially justified; (2) the harm to Plaintiff is outweighed by any harm to Defendants; (3) Plaintiff had no knowledge of the status of the criminal case as it was under seal until in or about April 2021; (4) discovery shall be reopened for the limited purpose of replacing Dr. Gross only; and (5) no other discovery is permitted.

The trial was rescheduled to September 6, 2022. Petitioners subsequently filed this petition for a writ of mandamus, requesting that this court direct the district court to vacate its order.

## DISCUSSION

*We exercise our discretion to entertain the petition*

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). We generally do not consider a petition for writ relief to address decisions to admit or exclude

evidence or expert testimony, unless (1) "an important issue of law needs clarification and public policy is served by this court's invocation of its original jurisdiction," (2) "the issue is one of first impression and of fundamental public importance," or (3) the resolution of the writ petition will resolve related or future litigation. *Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 525, 262 P.3d 360, 365 (2011) (internal quotation marks omitted). Whether a petition for a writ of mandamus will be considered is within this court's sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

Petitioners raise an important and unsettled issue of law—under what circumstances is the substitution of an expert witness appropriate after discovery has closed. We therefore exercise our discretion to entertain the petition.

*NRCP 16(b)(4)'s good cause standard, along with consideration of any relevant local rules, provides the framework for a district court's evaluation when a party seeks to substitute an expert witness after the close of discovery*

In Compton's motion to substitute his expert witness, he argues that the substitution is appropriate under NRCP 16(b)(4) and NRCP 37(c)(1). Petitioners contend that the district court did not apply the correct legal standard and propose that the district court should have followed EDCR 2.35(a)'s "excusable neglect" standard.

NRCP 16(b)(4) provides that the district court may modify a scheduling order for good cause. NRCP 37(c)(1) provides that if a party fails to identify a witness, the party cannot use that witness, "unless the failure was substantially justified or is harmless." EDCR 2.35(a) provides that a request for additional time for discovery made later than 21 days from the close of discovery shall not be granted unless the moving party demonstrates that the failure to act was the result of excusable neglect.

Because we have not previously addressed the correct standard for considering motions to substitute an expert witness after the close of discovery, we look to federal courts for guidance. "Federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (internal quotation marks omitted). In *Fidelity National Financial, Inc. v. National Union Fire Insurance Co. of Pittsburgh*, 308 F.R.D. 649, 652 (S.D. Cal. 2015), the United States District Court for the Southern District of California determined that when reviewing such motions under FRCP 16(b) (amendment of a scheduling order) or FRCP 37(c) (untimely designation of expert witness and sanctions), the relevant factors were largely coextensive. *Id.* Similar to NRCP 16(b), which permits a modification to the schedule only for good cause, FRCP 16(b) also permits a modification only for good cause, and federal courts have interpreted that to mean that a district court is required "to evaluate (1) the moving party's diligence, and (2) prejudice." *Fidelity Nat'l*, 308 F.R.D. at 652. And under FRCP 37(c), a district court must "assess (1) whether the moving party has shown substantial justification, and (2) harm." *Id.* (internal quotation marks omitted). However, because a request to substitute an expert witness after discovery has closed requires the district court to set a new date for the disclosure of expert and rebuttal reports and reopen limited expert discovery, federal courts have concluded that FRCP 16(b) is the more appropriate standard. *Id.* We agree.

The district court's consideration extends beyond simply deciding if the substitute expert witness would be appropriate and includes evaluating how the whole case would be affected with the new discovery

deadlines. Thus, evaluation under NRCP 16(b)(4) is the more appropriate mechanism of review as it is more extensive than a review under NRCP 37(c)(1). *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (treating a motion to amend the complaint after the scheduling order deadline as a motion to modify the scheduling order rather than a motion to amend the complaint).[1] Furthermore, some federal courts have also required consideration of local rules in combination with the consideration under FRCP 16(b), as the local rules affect how a trial proceeds through that jurisdiction. *See, e.g., Johnson*, 975 F.2d at 608 & n.4 (recognizing that Local Rule 240(c) of the Eastern District of California contains local exceptions to FRCP 16(b)'s mandatory scheduling deadlines); *see also* NRCP 16(e) (final pretrial conference).

Accordingly, we clarify that when a party seeks to substitute an expert witness after the close of discovery, a district court should consider the motion pursuant to NRCP 16(b)(4)'s good cause standard and in combination with any applicable local rules, like EDCR 2.35(a) here. Thus, in totality and applied here, the standard is good cause for the extension of discovery under NRCP 16(b)(4), along with a showing of excusable neglect under EDCR 2.35(a) because the motion to substitute was filed later than 21 days before the discovery cut-off deadline.

---

[1]In *Johnson v. Mammoth Recreations*, 975 F.2d at 608-09, the circuit court considered FRCP 16(b) in the plaintiff's late amendment of complaint instead of FRCP 15(a) (amendment and supplemental pleadings). The court stated that FRCP 16(b) included the more appropriate standard, and the district court could summarily reject the plaintiff's motion to amend as untimely. *Id.* Importantly, the court pointed out that "[a] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

*The district court's substitution of Dr. Gross was proper under NRCP 16(b)(4) and EDCR 2.35(a)*

Discovery matters are within the district court's sound discretion, and its decision will not be disturbed unless the district court clearly abused its discretion. *In re Adoption of a Minor Child*, 118 Nev. 962, 968, 60 P.3d 485, 489 (2002); *Diversified Capital Corp. v. City of North Las Vegas*, 95 Nev. 15, 23, 590 P.2d 146, 151 (1979).

When considering whether there is good cause to modify a scheduling order, the district court must first consider the moving party's diligence. *See Fidelity Nat'l*, 308 F.R.D. at 652 (construing the identical federal rule); *Nutton v. Sunset Station, Inc.*, 131 Nev. 279, 286, 357 P.3d 966, 971 (Ct. App. 2015) (noting that good cause under NRCP 16(b) is analogous to the federal rule). The motion must be denied if the district court determines the moving party did not act diligently. *Fidelity Nat'l*, 308 F.R.D. at 652. If the party acted diligently, the district court will then consider whether the delay will prejudice the nonmoving party. *Id.* Because EDCR 2.35(a) is also relevant in the underlying situation, the court must also consider whether the moving party demonstrated that its failure to act was the result of excusable neglect. Excusable neglect is "not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance." *Excusable Neglect, Black's Law Dictionary* (11th ed. 2019).

The district court did not abuse its discretion in modifying the existing scheduling order, reopening discovery for a limited purpose, and allowing the substitution regarding Dr. Gross. The district court expressly considered substantial justification and the harm to the parties under NRCP 37(c), which we have recognized are factors coextensive with those under NRCP 16(b)(4). Further, the record supports the district court's

findings and thus that there was good cause, diligence, lack of prejudice, and excusable neglect. Compton had successfully moved the court to exclude any testimony at trial relating to Dr. Gross' then-pending federal case. Dr. Gross' subsequent plea was made under seal, and the district court determined that Compton had no knowledge of the updated status of Dr. Gross' criminal case because of the sealing order until the public statement. When Dr. Gross was then sentenced to prison, Compton was left without his expert witness. As a result, the district court concluded that the harm to Compton occasioned by the prison sentence and resultant unavailability of Dr. Gross outweighed the harm to petitioners;[2] thus, there was good cause, and a lack of prejudice, to allow for the substitution regarding Dr. Gross. Moreover, Compton diligently moved to substitute for Dr. Gross within a reasonable amount of time after the sealing order was lifted and the subsequent sentencing decision was made public in May 2021.[3] Further, the district court determined that the harm to petitioners would be limited, as Dr. Leon would not exceed the scope of Dr. Gross' opinion, would not offer new or unrelated testimony or opinions, and would

_____

[2]Implicit in the district court's ruling is a finding that the harm to Compton by virtue of being without an expert witness outweighed any harm to petitioners that would be occasioned by the requested substitution. However, the district court's written order appears to contain an error where it states that the harm to real party in interest "is outweighed by any" harm to petitioners.

[3]Petitioners' argument that knowledge of the indictment should be equated to knowledge of the eventual guilty plea, conviction, prison sentence, and unavailability lacks merit. The risk of proceeding with the expert witness was not determined at the time when Dr. Gross was designated as the retained expert simply because Compton had knowledge of possible criminal guilt.

not increase damages. The district court specifically ordered discovery to be reopened, limited it to only the replacement of Dr. Gross, and clarified that no other discovery was permitted. Thus, the district court did not abuse its discretion in finding good cause and in granting a modification of the scheduling order.

Additionally, the district court's findings support a conclusion of excusable neglect. Dr. Gross was appropriately qualified as the expert witness, and Compton had successfully moved the court to exclude any testimony related to his then-pending federal case. Thus, Dr. Gross would have been able to testify without issue had he not been convicted and sentenced to prison. As the district court determined, the "surprise" in this situation was the combination of a sealed record of the guilty plea until April 2021, a 15-month prison term imposed at sentencing, and the eventual unavailability of Dr. Gross. Dr. Gross' unavailability cannot be imputed to Compton as being a result of his carelessness, inattention, or willful disregard of his obligations but rather resulted from an unavoidable hindrance occasioned by Dr. Gross' guilty plea and prison sentence. Thus, the district court did not abuse its discretion in finding excusable neglect pursuant to the facts on record.

We conclude that petitioners did not show that the district court abused its discretion in modifying the scheduling order and reopening discovery, and thus writ relief is not warranted to control an arbitrary and capricious exercise of discretion or to require the district court to perform a legally required act. *See Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) (explaining that "discovery matters are within the district court's sound discretion, and [this] court will not disturb factual findings if they are supported by the record").

Any lack of factual findings or conclusions of law in the order does not warrant extraordinary relief because the record supports the district court's order.

## CONCLUSION

A motion to substitute an expert witness after close of discovery necessarily requires the district court to consider modifying the scheduling order and reopening discovery. We adopt the federal approach and conclude that NRCP 16(b)(4)'s "good cause" test, in combination with any relevant local rules, provides the standard governing when a district court may modify a scheduling order. Therefore, we conclude that the district court properly granted the motion to substitute Compton's expert witness, and we deny the petition for a writ of mandamus.

_____, J.
Herndon

We concur:

_____, J.
Hardesty

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A